IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN STEPHENS                                                                                      PLAINTIFF
ADC #150292

v.                                              4:24-cv-00273-BRW-JJV

DOE                                                                                                  DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Brian Stephens ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, which I must screen pursuant to 28 U.S.C. § 1915A. [1]

Plaintiff says on December 24, 2023, an unnamed prison medical provider determined he had pink eye and prescribed eye drops to treat that condition. (Doc. 2.) When Plaintiff's symptoms

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1

did not improve, he asked to see an eye doctor but was transferred to the Grimes Unit. Sometime after he arrived at that Unit, a new medical provider determined Plaintiff had cataracts, and not pink eye. Approximately a month later, a doctor said Plaintiff needed a cornea transplant which "brings us up to [Plaintiff filing the instant cause of action]." (*Id*. at 4.)

"The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). To plead a plausible Eighth Amendment claim, there must be facts suggesting: (1) Plaintiff has an objectively serious need for medical care for his eye condition; and (2) unnamed prison medical providers ("Doe Defendants") subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). The second element of deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Id.*

Plaintiff admits he has been examined and treated several times in response to his complaints of eye pain, and he has not explained how that provided care rises to the level of deliberate indifference. *See Fourte v. Faulkner Cnty*., 746 F.3d 384, 390 (8th Cir. 2014) (no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"). Further, Plaintiff's mere disagreement with the course of care or the fact that medical providers may have disagreed about the proper diagnosis and treatment are not enough to establish deliberate indifference. *See Allard v. Baldwin*, 779 F.3d 768, 772-73 (8th Cir.

2015); *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008); *Long v. Nix*, 86 F.3d 761, 766 (8th Cir. 1996).  For these reasons, I conclude Plaintiff has failed to state a plausible claim for relief.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 3rd day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE